IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES G. REECE,

Plaintiff, No. CIV S-10-2949 JAM DAD P

vs.

ALVARO C. TRAQUINA,

Defendant. FINDINGS AND RECOMMENDATIONS

_______________________________/

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on a motion to dismiss brought on behalf of defendant Traquina. Plaintiff has filed an opposition to the motion, and defendant has filed a reply.

**BACKGROUND**

Plaintiff is proceeding on his original complaint against defendant Dr. Traquina, the Chief Medical Officer ("CMO") at California State Prison, Solano. Therein, plaintiff alleges that he suffers from hypertension and that his doctor ordered him to take his blood pressure three times a week. According to plaintiff, defendant Dr. Traquina failed to ensure that a nurse was available to check plaintiff's blood pressure during the month of May 2010. Specifically, plaintiff alleges he went to the "four-yard" gym for blood pressure checks, but defendant Dr.

Traquina had not assigned a nurse to that location to conduct the checks. Plaintiff notes that he was suffering from extremely high blood pressure at the time and needed to monitor his blood pressure regularly. Plaintiff claims that defendant Dr. Traquina's conduct amounts to deliberate indifference to his serious medical needs in violation of the Eighth Amendment. In terms of relief, plaintiff requests an award of monetary damages as well as injunctive relief. (Compl. at ii & 1-4.)

**DEFENDANT'S MOTION TO DISMISS**

I. Defendant's Motion

Defense counsel moves to dismiss plaintiff's complaint on the grounds that it fails to state a cognizable claim for relief. Specifically, defense counsel argues as follows. Plaintiff has not alleged that defendant Dr. Traquina ever directly treated plaintiff for his blood pressure. Plaintiff also has not alleged that defendant Dr. Traquina knew that plaintiff suffered from high blood pressure or was aware that prison medical personnel recommended that plaintiff receive blood pressure checks several times a week. Nor has plaintiff alleged that defendant Dr. Traquina knew medical personnel had failed to check plaintiff's blood pressure or that any failure to do so might put plaintiff at risk of developing substantial medical problems. In any event, plaintiff received adequate medical attention for his high blood pressure. For example, medical personnel checked plaintiff's blood pressure on seven occasions between May 10, 2010, and June 7, 2010. As a matter of law, counsel contends, the medical treatment that plaintiff received cannot be considered deliberately indifferent where any of his treating doctors or nurses are concerned, much less where defendant Dr. Traquina is concerned. (Def.'s Mot. to Dismiss at 4-8.)

II. Plaintiff's Opposition

In opposition to the defendant's motion to dismiss, plaintiff acknowledges that defendant Dr. Traquina did not actually treat him. However, plaintiff argues that defendant Dr. Traquina was nevertheless deliberately indifferent to plaintiff's serious medical needs when he

failed to assign medical staff to the "four-yard" gym to conduct blood pressure checks for inmates in May 2010. Plaintiff notes that he went to the "four-yard" gym five days a week in May 2010, but there was no nurse there to check his blood pressure. According to plaintiff, defendant Dr. Traquina was the only person who could have known that this staff position would be vacant, but he did nothing to timely fill the vacancy. Plaintiff also argues that the blood pressure checks he did receive in May of 2010 do "not count" because he received those for medical emergency reasons after his blood pressure had already risen to dangerously high levels. Plaintiff blames defendant Dr. Traquina for this situation and maintains that the defendant violated his right to adequate medical care. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1-8.)

III. Defendant's Reply

In reply, defense counsel argues that plaintiff has provided no facts to support his opinion about what defendant Dr. Traquina knew about plaintiff's medical condition or about any nursing position vacancy at the "four-yard" gym. In addition, counsel contends plaintiff's own exhibits attached to his complaint indicate that blood pressure checks were offered at other locations within the prison and that plaintiff availed himself of those medical services at the other locations. Finally, counsel contends that plaintiff has not made any showing that a lack of blood pressure checks at the "four-yard" gym in May 2010 substantially increased a serious risk of harm to plaintiff. (Def.'s Reply at 1-3.)

**ANALYSIS**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide a framework for a complaint, they must be supported by factual allegations.").

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good

/////

faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). To prevail on an Eighth Amendment claim the plaintiff must allege and ultimately show that objectively he suffered a "sufficiently serious" deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The plaintiff must also allege and show that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Farmer, 511 U.S. at 834.

It is well established that "deliberate indifference to serious medical needs of prisoners constitutes 'unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 104; McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

After carefully reviewing the parties' briefing as well as plaintiff's complaint and the attachments thereto, the court finds that plaintiff has failed to state a cognizable claim for relief against defendant Dr. Traquina. In his complaint, plaintiff complains that he did not receive adequate medical care for his high blood pressure condition and blames defendant Dr. Traquina for not ensuring that a nurse was assigned to and available at the "four-yard" gym to

check plaintiff's blood pressure in May 2010 as recommended by his doctor. To be sure, a prisoner can state a claim for deliberate indifference by alleging that he has a serious medical need and that prison medical personnel or prison officials intentionally denied him medical care or interfered with his once-prescribed medical care for that serious medical need. See Estelle, 429 U.S. at 104-05 (deliberate indifference may manifest "by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed"); Jett v. Penner, 439 F.3d 1091, 1097-98 (9th Cir. 2006) (prison doctor may have been deliberately indifferent to a prisoner's medical needs when he decided not to request an orthopedic consultation as the prisoner's emergency room doctor had previously ordered); Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) (a prisoner may establish deliberate indifference by showing that a prison official intentionally interfered with his medical treatment); Wakefield v. Thompson, 177 F.3d 1160, 1165 & n.6 (9th Cir. 1999) ("a prison official acts with deliberate indifference when he ignores the instructions of the prisoner's treating physician or surgeon."); see also Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.")).

Here, however, while plaintiff has alleged that he has a serious medical need, he has failed to allege how defendant Dr. Traquina's conduct rose to the level of deliberate indifference thereto. See McGuckin, 974 F.2d at 1059-60 ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established."). Specifically, plaintiff has failed to allege sufficient facts suggesting that defendant Dr. Traquina knew of and disregarded an excessive risk to plaintiff's health. See Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) ("the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of

serious harm exists,' but that person 'must also draw the inference.'") (quoting Farmer, 511 U.S. at 837). For example, in his complaint plaintiff has not alleged that defendant Dr. Traquina ever treated him for hypertension. Plaintiff has also failed to allege that defendant Dr. Traquina knew of plaintiff or his medical condition or was in any way aware that plaintiff's doctor recommended that his blood pressure be regularly monitored but that plaintiff was not receiving the recommended blood pressure checks in May 2010. See Toguchi, 391 F.3d at 1060 ("If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.") (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir. 2002)). Finally, in addition to failing allege that defendant Dr. Traquina was personally involved in any alleged constitutional violation, plaintiff has not alleged that defendant Dr. Traquina, as a supervisory official, implemented a policy that was so deficient as to constitute the moving force of a constitutional violation. See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisory defendant may be held liable "'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'"); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) ("Supervisory liability exists even without overt personal participation in the offense act if supervisor officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'").

Although the court must construe plaintiff's complaint liberally, the court may not supply essential elements of a claim that plaintiff did not plead in his complaint. Ivey, 673 F.2d at 268; see also Iqbal, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In this case, at most, plaintiff has alleged that defendant Dr. Traquina was negligent for not ensuring that there was a nurse posted at the "four-yard" gym to take prisoners' blood pressure in May 2010. As noted above, however, mere negligence does not

violate the Eighth Amendment. Estelle, 429 at 105-06. ("[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'"); Wood, 900 F.2d at 1234 ("[w]hile poor medical treatment will at a certain point rise to the level of a constitutional violation, mere malpractice, or even gross negligence does not suffice.").

Accordingly, for all of the foregoing reasons, the undersigned will recommend that defendant's motion to dismiss plaintiff's complaint for failure to state a cognizable claim under the Eighth Amendment be granted.[1]

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Traquina's motion to dismiss (Doc. No. 13) be granted; and

2. This action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are

/////

[1] Defense counsel also argues that dismissal is appropriate because: (1) plaintiff has failed to allege facts showing that plaintiff suffered any actual injury; (2) defendant Dr. Traquina is immune from suit in his official capacity and cannot be liable for damages; (3) plaintiff cannot state a cognizable class action claim; (4) plaintiff has not stated a claim entitling him to injunctive relief; (5) plaintiff has not exhausted his state administrative remedies as required prior to bringing suit insofar as he has available to him a claim under the California Government Code; and (6) defendant Dr. Traquina is entitled to qualified immunity. In light of the recommendation set forth above that defendant's motion to dismiss be granted based on plaintiff's failure to state a cognizable Eighth Amendment claim against defendant Dr. Traquina and because the court does not interpret plaintiff's complaint as attempting to state a class action claim, the court need not address defense counsel's alternative arguments in support of dismissal.

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 19, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
reec2949.57