IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES G. REESE,

    Plaintiff,                      No. 2:10-cv-02949 JAM DAD P

    vs.

ALVARO C. TRAQUINA,

    Defendant.                  ORDER

/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. On January 20, 2012, the undersigned recommended that defendant Traquina's motion to dismiss be granted and that this action be dismissed in its entirety for failure to state a cognizable claim. (Dkt. No. 22.) On March 29, 2012, the assigned District Judge adopted those findings and recommendations in full and granted defendant's motion to dismiss. (Dkt. No. 25.) Plaintiff appealed.

        On January 11, 2013, the Ninth Circuit Court of Appeals issued its mandate, reversing in part the dismissal of plaintiff's complaint without leave to amend and remanding the matter to this court. In reversing, the Ninth Circuit found that the court had erred in dismissing without leave to amend plaintiff's claim that defendant, the Chief Medical Officer at California State Prison - Solano, was responsible for a prison policy or practice of denying inmates access

1    to blood pressure screenings during prison lockdowns.

2    Of course, a pro se complaint "may be dismissed for failure to state a claim only
3    where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim
4    which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221, 1228, 1230 (9th Cir.
5    1984) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  "Dismissal of a pro se
6    complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of
7    the complaint could not be cured by amendment."  Weilburg v. Shapiro, 488 F.3d 1202, 1205
8    (9th Cir. 2007).  The Ninth Circuit observed that here it was not absolutely clear that plaintiff is
9    unable to cure the deficiencies of his claim that defendant Traquina was responsible for a prison
10   policy or practice that the defendant reasonably should have known would cause the injury
11   plaintiff allegedly suffered as a result.

12   Therefore, plaintiff will now be granted leave to file an amended complaint with
13   respect to this claim.  If plaintiff elects to file an amended complaint, he must allege facts
14   demonstrating how the conditions complained of resulted in a deprivation of his federal
15   constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The
16   amended complaint must allege in specific terms how each named defendant was involved in the
17   deprivation of plaintiff's rights.  The Civil Rights Act under which this action was filed provides
18   as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

22   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
23   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
24   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
25   (1976).
26   /////

In a § 1983 action, respondeat superior, or vicarious liability, may not be imposed in the absence of a state law imposing such liability. See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citing Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978)). There is no liability under this statute solely because one is responsible for the actions or omissions of another. Redman, 942 F.2d at 1446. However, "a supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Id. (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). See also Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

The requisite causal connection for liability may be found, even without a supervisor's overt personal participation, in several circumstances. For instance, this "causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II v. Davis, 479 F.3d 1175, 1183 (9th Cir. 2007). The requisite causal connection may also be found where the supervisor "knowingly refused to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict constitutional injury." Dubner v. City & Cnty. of San Francisco, 266 F.3d 959, 968 (9th Cir. 2001). The requisite causal connection also exists where a supervisory official implements a policy that he knows or reasonably should know is so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. Redman, 942 F.2d at 1446-47 (citing Thompkins v. Belt, 828 F.2d 298, 303-04 (9th Cir. 1989) and Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)). Liability may be appropriate where the policymakers and supervisors have actual or constructive notice of the deficiency.

/////
/////
/////

3

1  Clement v. Gomez, 2298 F.3d 898, 905 (9th Cir. 2002) (citing Farmer v. Brennan, 511 U.S. 825

2  (1970)).[1]

3         This causal link between a supervisor and the claimed constitutional violation

4  must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

5  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the

6  involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

7  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8         Finally, plaintiff is informed that the court cannot refer to a prior pleading in order

9  to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

10 complaint be complete in itself without reference to any prior pleading.  This is because, as a

11 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

12 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

13 longer serves any function in the case.

14        Accordingly, IT IS HEREBY ORDERED that plaintiff's complaint filed

15 November 2, 2010 is dismissed.  Plaintiff is granted thirty days from the date of service of this

16 order to file an amended complaint only with respect to his claim that defendant Traquina was

17 responsible for an institutional policy of failing to provide blood pressure screening to inmates

18 when the prison was on lockdown.[2]  Any amended complaint that plaintiff elects to file must

19 comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and

---

[1] In Redman the requisite causal link was established because the defendant was responsible for the "ultimate direction of operations at the [prison]" and his conduct in developing, promulgating, and putting the policy at issue in place "was so reckless as to be tantamount to a desire to inflict harm." 942 F.2d at 1446-49.  However, where another prison official merely implemented those policies as required by his supervisor it was concluded that liability as a policymaker under § 1983 could not be imposed.  942 F.2d at 1449.

[2] This court's dismissal of plaintiff's claim that defendant Traquina violated his constitutional rights by not ensuring that a nurse was available to take the blood pressure of inmates in a specific location on certain dates without leave to amend was affirmed on appeal. (Dkt. No. 31 at 2.)

the Local Rules of Practice. An amended complaint must bear the docket number assigned to this case and be labeled "Amended Complaint." Finally, failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: February 1, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD: 13
rees2922.14.1213